# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBBIE E. STROTHER | § | |
| | § | |
| v. | § | NO. 1:07-CV-958 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER

The Court heretofore referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable law and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence.

The magistrate judge recommends that the court grant the Commissioner's motion to remand for further administrative proceedings in order to locate the original administrative file of plaintiff's claim, or, failing that, for a *de novo* hearing before an Administrative Law Judge. Plaintiff, proceeding herein *pro se*, objects to the recommendation, arguing that because the Commissioner lost her file, the court should order the Commissioner to pay the disability-based Social Security benefits for which she applied.

Plaintiff's timely objection to the proposed findings and recommendations of the magistrate judge requires a *de novo* determination by a district judge of those portions of the report to which

objection is made.  28 U.S.C. §636(b)(1)(C); Rule 72(b)(3), Federal Rules of Civil Procedure. Having conducted such review, the court hereby **OVERRULES** plaintiff's objections and **ADOPTS** the report of the magistrate judge.

First, the magistrate judge clearly was correct in concluding that good cause for a Sentence Six remand exists when an administrative transcript is lost or inaudible.  Second, plaintiff cites no authority, and the court's independent research discloses none, for the proposition that United States district courts may direct the Commissioner to make a *permanent* award of benefits simply because the original administrative transcript cannot be located.  To the contrary, Congress expressly allows United States district courts to award benefits only upon a fully-developed administrative record. Donahue v. Massanari, 166 F. Supp. 2d 1143, 1150 (E.D. Mich. 2001), see, e.g., Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000), (citing Podedworny v. Harris, 745 F.2d. 210, 221-222 (3d Cir. 1984) ("[t]he decision to direct the district court to award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits")).

The court has considered whether in instances such as this the court might appropriately order the Commissioner to award *interim* benefits while the original file is located or recreated.  However, the only statutory authority for courts to direct the Commissioner to pay interim benefits applies in a narrow circumstance, i.e., during pendency of an appeal of a decision terminating *previously awarded* benefits.  See 42 U.S.C. §423(g).  This statute, however, does not authorize courts to award interim benefits in *original entitlement* cases.  Fitzgerald v. Callahan, No. Civ. A. 97-2508, 1997 WL 438483 *2 (E.D. Pa. July 24, 1997) (not reported for publication).

Conceivably, there could exist an egregious circumstance wherein an original entitlement claimant is faced with such unreasonable delay an inaction attributable to the Commissioner that a court might conclude that the Commissioner's own bureaucratic negligence so prejudices the plaintiff that the court should act before receiving a complete record. The court might conclude that the claimant has shown a *prima facie* case of eligibility, and then direct an award of interim benefits under the court's inherent, remedial powers. Similar action has been contemplated or taken in a few cases in distant circuits. See e.g., Mullen v. Secretary of Health and Human Servs., 878 F. Supp. 682, 684 (D. Del. 1995) (citing Mason-Page v. Bowen, 655 F. Supp. 255, 257 (D. N.J. 1987); Saltares v. Bowen, 711 F.Supp. 162, 165 (S.D.N.Y. 1989).

However, the instant action does not rise to the level of a "sorry tale of bureaucratic negligence" warranting the extreme and questionable actions of the distant courts cited above. Here, the court has no reason to conclude that the Commissioner's loss of plaintiff's file was anything other than accidental, which is not sanctionable conduct. See McCullough v. Apfel 95 F. Supp.2d 956, 959 (S.D. Ind. 2000). In cases of accidental loss of the transcript, unaccompanied by any other bureaucratic intransigence, the court concurs with the reasoning of Rayton v. Chater, No. 95-4188-SAC, 1997 WL 263738 *4 (D. Kan. April 21, 1997) (not reported for publication) wherein the court stated that "[a]lthough losing a claimant's file is clearly not to be commended, that inadvertent act does not, in and of itself, serve as an appropriate basis for an immediate award. Such a conclusion would possibly result in a pure windfall to the claimant."

However, this does not mean the Commissioner is wholly immune from sanctions should there be egregious inactivity and delay in locating or reconstructing claimant's file. Further, the court has the ability and responsibility to promote expeditious processing within a reasonably prompt amount


of time in order to prevent prejudice and ensure Ms. Strother's case does not fall "between bureaucratic and judicial cracks." McCullough v. Apfel, 95 F. Supp.2d at 957. The court can fulfill its responsibility by order to the Commissioner to act promptly following remand.

An Order of Remand will be entered separately. That order will direct the Commissioner to locate plaintiff's original administrative transcript and file it with the court within forty-five days. Failing that, the Commissioner will be directed to reconsider plaintiff's application *de novo* and render a final decision on or before March 1, 2009.

**SIGNED** this the **25** day of **August, 2008.**

_____
Thad Heartfield
United States District Judge